NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 22 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SONG HE,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No.   21-70489<br><br>Agency No. A209-218-427<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 17, 2022[**]
Honolulu, Hawaii

Before:  HAWKINS, R. NELSON, and FORREST, Circuit Judges.

Petitioner Song He ("Petitioner") seeks review of the Board of Immigration

Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") adverse

credibility determination and denial of his application for asylum and withholding

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

of removal. We review for substantial evidence, 8 U.S.C. § 1252(b)(4)(B), and we deny the petition.

In support of its adverse credibility determination, the IJ identified several falsehoods on a prior visa application to the United States, as well as a number of inconsistencies between Petitioner's testimony before the IJ, his sworn statement submitted with his asylum application, and his testimony at the credible fear interview. Petitioner does not argue that these discrepancies do not exist; rather he claims that the BIA and IJ "overlooked his intelligence and memory problems" in reaching their adverse credibility decisions.

However, the record reflects that both the IJ and BIA considered and reasonably rejected this purported explanation for the inconsistencies. *See Rizk v. Holder,* 629 F.3d 1083, 1088 (9th Cir. 2011) (IJ must consider but may reject an applicant's attempt to explain an inconsistency), *overruled in part on other grounds by Alam v. Garland*, 11 F.4th 1133, 1135–37 (9th Cir. 2021). The record here does not compel a conclusion that Petitioner was credible, *cf. Go v. Holder*, 640 F.3d 1047, 1054 (9th Cir. 2011), and we therefore deny the petition.

We also deny Petitioner's Motion for Judicial Notice [Dkt. Entry. No. 9] of a "Report of Psychoeducational Evaluation." This document is not part of the administrative record, and we are limited to deciding the petition "only on the administrative record on which the order of removal is based." 8 U.S.C. §

1252(b)(4)(A). "We cannot independently take judicial notice of a report that is not a part of the record." *Aguilar-Osorio v. Garland*, 991 F.3d 997, 1000 (9th Cir. 2021). The proper procedure would be for Petitioner to file a Motion to Reopen with the BIA. 8 C.F.R. § 1003.2(c).

**PETITION DENIED.**